**Opinion issued July 28, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-26-00062-CV**

**NO. 01-26-00067-CV**

————————————

**DIEGO  RAOUL GODING, Appellant**

**V.**

**MARGO  DEHOYOS, Appellee**

---

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 2019-20442 & 2019-20442A**

---

## MEMORANDUM OPINION

In these appeals, appellant seeks to challenge three orders. In appeal number 01-26-00062-CV, appellant challenges (1) the trial court's final judgment in trial court cause number 2019-20442, signed December 11, 2025; (2) and a post-judgment temporary order in the same cause, signed January 9, 2026. In appeal

number 01-26-00067-CV, appellant challenges the trial court's order granting a petition for writ of habeas corpus in related trial court cause number 2019-20442A.

The record reflects that the trial court granted appellant a new trial on December 19, 2025, and signed a written order to that effect on January 28, 2026. That order expressly set aside the December 11, 2025 final judgment that appellant seeks to appeal. The trial court further stated that the temporary orders signed January 9, 2026, would remain in effect. Because the trial court granted a new trial and vacated the December 11, 2025 judgment, that judgment is no longer appealable. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). The January 9, 2026 temporary order is interlocutory and not appealable. *See In re T.R.L.*, 654 S.W.3d 16, 19 (Tex. App.—Houston [14th Dist.] 2022, no pet.). Finally, we also lack jurisdiction over appellant's appeal of the trial court's order granting habeas corpus relief. *See Maadani v. Ward*, 611 S.W.3d 460, 461 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Accordingly, this Court lacks jurisdiction over the appeal of all three challenged orders and must dismiss the appeals for want of jurisdiction.

We notified appellant that the appeals were subject to dismissal unless he demonstrated grounds for this Court's continuing jurisdiction. He did not do so. Accordingly, we dismiss these appeals for want of jurisdiction and dismiss all pending motions as moot. *See* TEX. R. APP. P. 42.3(a).

2

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.